IN THE UNITED STATES DISTRICT OF MIDDLE TENNESSEE

RENEE MAYES,                      )
AND                              )
DAMON UTLEY(A MINOR), BNF        )
RENEE MAYES, PLAINTIFFS          )
                                 )
        V.                       )
                                 )
DILLARD'S INC.,                  )
AND                              )        Jury of 6 Demanded
TRAIVS SMITH, DEFENDANTS.        )

FILED

2013 MAY 17  PM 12: 35

U.S. DISTRICT
MIDDLE DISTRICT OF TN
_____

## COMPLAINT

Comes now Renee Mayes, individually and on behalf of Damon Utley (a minor), and brings this suit for damages against the Defendants in this matter. The Plaintiffs would show that at all times pertinent, upon knowledge, information, and belief, as follows.

### PARTIES

1. Renee Mayes is an adult resident of Davidson County Tennessee. She is the natural mother of Damon Utley.
2. Damon Utley is a minor child, also residing in Davidson County.
3. Dillard's Inc. is a foreign corporation doing business in Tennessee, who's principal place of business is at 1600 Cantrell Rd. Little Rock, Arkansas, 72201.
4. Dillard's operates a store at the Green Hills Mall in Davidson County, TN.
5. Travis Smith is an employee of Dillard's Inc., and works at the Green Hills location. This Defendant is a loss prevention officer for Dillard's.

### JURISDICTION AND VENUE

As the acts arising to this Complaint arose in Davidson County, Tennessee, jurisdiction and venue are proper. Diversity is due to one defendant who is a foreign corporation.

## FACTUAL ALLEGATIONS

1. The Plaintiffs incorporate the statements set forth above by reference.
2. On or about February 2, 2013, the Plaintiffs were shopping at Green Hills Mall.
3. The Plaintiffs entered the Dillard's department store on premises.
4. Plaintiff Mayes picked out some apparel and went to the dressing room to try on the clothes.
5. Plaintiffs proceeded to the cashier and Plaintiff Mayes purchased the items she chose.
6. Dillard's completed the sale.
7. Plaintiffs were stopped by an employee of Dillard's and were escorted to a non-public area.
8. Defendant Smith made Plaintiff Utley stand in a small dark hall.
9. Defendant Smith made Plaintiff Mayes go into a small room.
10. Defendant Smith accused Plaintiff Mayes of theft.
11. Defendant Smith commenced harassing Plaintiff Utley.
12. Plaintiff Utley remained in the hall.
13. Defendant Smith, without warning or provocation, shoved Plaintiff Utley against the wall.
14. Defendant Smith, without warning or provocation, intentionally struck Plaintiff Utley twice in the chest.
15. Defendants left the minor child in the hallway, unattended, while Plaintiff Mayes was arrested.
16. Prior to the battery, Defendant Smith displayed an unmistakable appearance of an intentional attempt to do harm to Plaintiff Utley.
17. Neither Plaintiff consented to assault or battery.
18. As a direct and proximate result, Plaintiff Utley suffered a chest wall contusion between the muscles and the ribs.
19. This contusion caused immediate and chronic paid, and made it difficult for said plaintiff to breathe.
20. Further, as a direct and proximate result, Plaintiff Utley has been suffering from nightmares and emotional trauma.
21. Plaintiff Utley has incurred medical expenses of varying types, pain and suffering, emotional distress, and other compensable damages.
22. Defendant Smith is guilty of common law assault and battery.

23. In the alternative to his intentional acts, plaintiffs allege Defendant Smith is guilty of negligence in that he had a duty of care, breached said duty, the breach was the actual and proximate cause of the injuries, and Plaintiff Utley was damaged.

24. Defendant Smith is guilty of extreme and outrageous conduct.

25. Defendant Dillard's is negligent in permitting Defendant Utley to use unnecessary and excessive physical force against Plaintiff Utley

26. Defendant Dillard's is vicariously liable for the tortuous acts of Defendant Smith.

27. Plaintiff Mayes would further show that she purchased certain goods from Dillard's.

28. The goods she purchased were confiscated by Dillard's.

29. Defendants also took all the receipts from that nights purchases and only refunded a portion of the money.

30. Dillard's effectively took control over the property of Plaintiff Mayes, exercising dominion and control over said property and thereby defying her rights to the property, all without her consent.

31. Defendant Dillard's is guilty of conversion.

Premises considered, the Plaintiffs pray:

1. That this matter be filed and a summons issue, requiring the Defendants answer in the time allowed by law.

2. That this matter be set for an expedited trial before a jury of 6.

3. That the Defendants be found liable for the wrongful acts set forth above.

4. That the judgment be entered against the Defendants for two million dollars.

5. For any further relief the Court finds proper.

Respectfully Submitted,
The Law Office of Ray Akers, PLLC

Ray Akers, BPR # 23471
547 N. Mt. Juliet Road, Suite 200
Mt. Juliet, TN  37122
615-288-4291